IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN HOWARD-BENNETT,                )
                                     )   02:08-cv-00550-GEB-GGH
                  Plaintiff,         )
                                     )   ORDER TO SHOW CAUSE AND
            v.                       )   CONTINUING FINAL PRETRIAL
                                     )   CONFERENCE
ELECTRONIC DATA SYSTEMS              )
CORPORATION GROUP LONG TERM          )
DISABILITY PLAN,                     )
                                     )
                  Defendant.         )
─────────────────────────────────── )

        The Order filed June 25, 2008 (June 25 Order), scheduled a

final pretrial conference in this case on February 23, 2009.  That

Order required the parties to file a joint final pretrial statement

"not later than seven (7) calendar days prior to the final pretrial

conference."[1]  (June 25 Order at 3.)  No pretrial statement has been

received.  Due to the parties' failure to file a pretrial statement as

ordered, the final pretrial conference is reset to March 16, 2009, at

1:30 p.m.

/ / /

─────────────────

1    The parties are reminded that footnote 5 of the October 30
Order explains that the Court expects pretrial statements even if
all parties fail to join in a joint statement.

1

1      The parties shall file a joint final pretrial conference

2  statement seven days prior to the conference.  The filing requirements

3  in the June 25 Order apply to this filing.

4      Each party and counsel is ORDERED TO SHOW CAUSE (OSC), by

5  filing a written statement, not later than March 4, 2009, why

6  sanctions should not be imposed for the failure to timely file a final

7  pretrial statement.  The written response should indicate whether

8  counsel or the client is at fault and whether a hearing is requested

9  on the OSC.[2] If a hearing is requested, it will be held at the time

10 of the final pretrial conference.

11 Dated:  February 19, 2009

12

13 _____
   GARLAND E. BURRELL, JR.

14 United States District Judge

15

16

17

18

19

20

21

22

23

24

_____

25 2    "If the fault lies with the attorney, that is where the
26 impact of sanction should be lodged.  If the fault lies with the
   clients, that is where the impact of the sanction should be
27 lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th
   Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the
28 faults of attorneys, and their consequences, are visited upon
   clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).